UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

**FILED**
JAN 1 6 2013


CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 12-30108-RAL |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | GRANTING MOTION TO |
| | * | SEVER COUNTS FOR TRIAL |
| CHAD TWO HEARTS, | * | |
| Defendant. | * | |

## I. INTRODUCTION

Defendant Chad Two Hearts was indicted on four separate counts in an indictment filed on August 22, 2012. Doc. 1. Count I alleges the aggravated sexual abuse of a child with initials T.K. that occurred on or between March 19, 2005 and March 18, 2007, near Eagle Butte, South Dakota. Doc. 1. Count II alleges that Two Hearts failed to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) on or between August 23, 2007 and August 22, 2012, in Swiftbird and Eagle Butte, South Dakota. Doc. 1. Count III alleges the assault with a dangerous weapon of Eldred Brave Eagle by Two Hearts on or about July 25, 2012, in Swiftbird, Dewey County, South Dakota. Doc. 1. Count IV alleges the assault resulting in serious bodily injury of Brave Eagle by Two Hearts on or about July 25, 2012, in Swiftbird, Dewey County, South Dakota.

## II. FACTS

On November 20, 2012, Two Hearts filed a Motion to Sever Counts for Trial. Doc. 20. The Government has not responded leaving this Court with no explanation why all of these counts were joined. Two Hearts asks this Court to find the joinder of Count I, Count II, and Counts III and IV to be improper under Federal Rule of Criminal Procedure 8(a). Doc. 20. It appears that Two Hearts is seeking three separate trials on these four counts: (1) a separate trial for Count I; (2) a separate trial

for Count II; and (3) a separate trial for Counts III and IV. Doc. 21. In the alternative, Two Hearts argues that even if this Court were to find the joinder of these counts proper, this Court should sever the counts for separate trials under Federal Rule of Criminal Procedure 14(a) based on prejudice. Doc. 21. Because certain counts were improperly joined under Rule 8(a), because a joint trial on all charges could result in substantial prejudice to Two Hearts, and because the Government does not resist Two Heart's motion, this Court will grant Two Hearts' Motion to Sever.

## III. DISCUSSION

Two Hearts argues initially that these four counts were improperly joined. Rule 8(a) of the Federal Rules of Criminal Procedure governs joinder of offenses for trial. Rule 8(a) provides that a single indictment may charge a defendant in separate counts with multiple offenses if the offenses are of the "same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); United States v. Bruguier, No. 11-40012-01, 2011 WL 1833008, at *1 (D.S.D. May 13, 2011). Rule 8(a) is broadly construed in favor of joinder to promote judicial efficiency. United States v. McCarther, 596 F.3d 438, 441-42 (8th Cir. 2010); United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005); United States v. Fast Horse, No. 12-30034-01-RAL, 2012 WL 5334740, at *1 (D.S.D. Oct. 26, 2012). Offenses are of the "same or similar character" when "the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence to each count overlaps." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984).

Two Hearts next argues that joinder of the offenses for trial would be prejudicial to him. Rule 14 of the Federal Rules of Criminal Procedure "allows the trial court to order severance, even though joinder of offenses or defendants is proper under Rule 8, if it appears that the defendant or government is prejudiced by the joinder." United States v. Jones, 880 F.2d 55, 60 (8th Cir. 1989). "Whether to

grant a motion to sever is left to the discretion of the trial court." United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010) (citing United States v. Bostic, 713 F.2d 401, 403 (8th Cir. 1983)) (internal quotation marks omitted).

The offenses charged in Counts III and IV—assault with a dangerous weapon and assault resulting in serious bodily injury—are of the same or similar character to one another and joinder is proper. The victim is the same man in each count and the separate counts appear to stem from the same alleged assault occurring on the same day. Count III and IV are properly joined for trial.

The offenses charged in Counts III and IV are not of the "same or similar character" to the offenses charged in either Count I or Count II. The crimes alleged in Counts III and IV are completely different than the crimes charged in Count I and Count II. Counts III and IV charge that Two Hearts assaulted a man in July of 2012, while Count I charges an alleged aggravated sexual abuse of a minor occurring between the years 2005 and 2007, and Count II charges an alleged SORNA violation from the years 2007 to 2012. The assault alleged in Counts III and IV did not occur within a relatively short period of time from the actions underlying either Count I or Count II, and the alleged victims are not the same.

Next, evidence pertinent to the assault charges in Counts III and IV is not relevant to nor admissible in a separate trial on the aggravated sexual abuse charge or SORNA violation charge. The assaults alleged in Counts III and IV are not part of a larger "common scheme or plan" that would include the charges outlined in Count I and Count II. Fed. R. Crim. P. 8(a). Therefore, joinder of Counts III and IV with Counts I and II for trial is improper under Rule 8(a). A separate trial jointly on Counts III and IV is warranted.

However, even if joinder of Counts III and IV with either Count I and Count II were proper, this Court would require severance under Rule 14.

3

> [P]rejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately. On the other hand, a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime.

United States v. Midkiff, 614 F.3d 431, 440 (8th Cir. 2010) (quoting United States v. Boyd, 180 F.3d 967, 981-82 (8th Cir. 1999)). Evidence that Two Hearts is a person required to register as a sex offender and is being charged with a separate aggravated sex offense being presented in the Government's case-in-chief for the assault counts would cause "real and clear" prejudice to Two Hearts. Sandstrom, 594 F.3d at 644 (citing Bostic, 713 F.2d at 403) (internal quotation marks omitted). As noted above, the evidence relevant to Count I or Count II would not be probative or admissible in a separate trial on either Counts III and IV, and vice versa. Thus, even if these counts were properly joined, which this Court does not believe they were, severance for trial of Counts III and IV from the others is necessary.

Counts I and II are also improperly joined to one another under Rule 8(a) because these offenses are not of the "same or similar character." See Rodgers, 732 F.2d at 629. Counts I and II are not the same type of offenses. Although the large time spans during which the crimes are alleged to have occurred possibly results in a small gap of time between the offenses, the evidence as to each crime does not overlap. Without additional information, this Court believes evidence relevant to Count II—that Two Hearts is required to register as a sex offender and failed to do so—would be inadmissible in a trial on Count I for aggravated sexual abuse, and vice versa.[1]

---

[1] Under Federal Rule of Evidence 413 and 414, some evidence of previous sexual assaults that gave rise to Two Heart's status as a sex offender required to register under SORNA may be admissible in a trial on the current aggravated sexual abuse charge outlined in Count I. But, Two Hearts's status as someone required to register under SORNA—that is, evidence regarding Count II—would, in all likelihood, be inadmissible in his trial on Count I.

Even if joinder of Counts I and Count II together would be proper under Rule 8(a), "real and clear" prejudice to Two Hearts would result should the Government be able to introduce in its case-in-chief for aggravated sexual abuse that Two Hearts is required to register as a sex offender because of a prior conviction on a sex offense. Sandstrom, 594 F.3d at 644 (citing Bostic, 713 F.2d at 403) (internal quotation marks omitted). Other district courts have held that "substantial prejudice" sufficient to merit severance results when a SORNA violation is tried together with another offense. See United States v. Caraway, No. 08-CR-117A, 2010 WL 275084, at *3 (W.D.N.Y. Jan. 20, 2010) ("[T]his Court is of the view that if the jury learned that the defendant is a convicted sex offender in connection with the government's case-in-chief on the [SORNA] charge, such evidence would substantially prejudice the jury with respect to the possession of child pornography charge."); United States v. Sherman, No. 1:10CR00039, 2011 WL 11186, at *1-2 (W.D. Va. Jan. 4, 2011) (holding that the "spillover effect of the sex offender evidence" would substantially prejudice the defendant in his trial on the separate counts of transporting in interstate commerce a stolen vehicle and credit card fraud such that severance is warranted).

Therefore, for the reasons discussed above, it is hereby

ORDERED that the Motion to Sever Counts for Trial, Doc. 20, is granted. It is further

ORDERED that a separate trial for Count I, a separate trial for Count II, and a separate trial for Counts III and IV be scheduled.

Dated January 16th, 2013.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE